McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN ALBERTO MARTINEZ-LOPEZ,<br>SAUL MORENO-LEMUS<br><br>Defendants. | CASE NO. 2:19-CR-170-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This matter was set for a status conference on May 7, 2020, and moved to June 4, 2020, on the Court's on motion, citing the interests of public health and safety, and excluding time under the Speedy Trial Act. The parties now request that the Court continue the status conference to July 23, 2020. To the extent it is needed, this stipulation supplements the basis for exclusion of time under General Order 611, 612, and 617, and requests that the Court also exclude time under Local Code T4, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] The parties note that the Court has already designated

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 7, 2020.

2. By this stipulation, the defendants now move to continue this hearing to July 23, 2020, at 10:00 a.m., and to exclude time between on May 7, 2020, and July 23, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes several reports, as well as video and audio surveillance, which the government has produced.

   b) Counsel for defendants desire additional time to review the discovery, and will need additional time as more discovery become available.  Defense counsel will also need time to review the current charges, to investigate and conduct research related to the current charges, and to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this stipulation and order, to July 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A),

---

Cal. March 18, 2020).

B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 12, 2020                           McGREGOR W. SCOTT
                                               United States Attorney

                                               /s/ JAMES R. CONOLLY
                                               JAMES R. CONOLLY
                                               Assistant United States Attorney


Dated:  May 12, 2020                           /s/ EMILY CHRIM
                                               EMILY CHRIM
                                               Counsel for Defendant
                                               IVAN ALBERTO MARTINEZ-LOPEZ


Dated:  May 12, 2020                           /s/ MICHAEL HANSEN
                                               MICHAEL HANSEN
                                               Counsel for Defendant
                                               SAUL MORENO-LEMUS


**ORDER**

IT IS SO ORDERED.

Dated:  May 15, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4