McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-170-MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| IVAN ALBERTO MARTINEZ-LOPEZ, SAUL MORENO-LEMUS | DATE: December 3, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

By previous order, this matter was set for status on December 3, 2020.  The United States and defendant Ivan Martinez-Lopez now request that the Court continue the status conference to January 28, 2021, and to exclude time under the Court's General Orders, as well as under Local Code T4, for the reasons set forth below.  Defendant Saul Moreno-Lemus has pleaded guilty in this matter and therefore does not join in this stipulation.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] The parties note that the Court has already designated

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010)

2  (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

4  Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6  1.   By this stipulation, the defendant now moves to continue this hearing to January 28,

7  2021, at 10:00 a.m., and to exclude time between December 3, 2020, and January 28, 2021, under Local

8  Code T4.

9  2.   The parties agree and stipulate, and request that the Court find the following:

10  a)   The government has produced the discovery associated with this case, including

11  several reports, as well as video and audio surveillance.

12  b)   Counsel for defendant desires additional time to review the discovery.  Defense

13  counsel will also need time to review the current charges, to investigate and conduct research

14  related to the current charges, and to discuss potential resolutions with her clients, to prepare

15  pretrial motions, and to otherwise prepare for trial.

16  c)   Counsel for defendant believes that failure to grant the above-requested

17  continuance would deny her the reasonable time necessary for effective preparation, taking into

18  account the exercise of due diligence.

19  d)   The government does not object to the continuance.

20  e)   Based on the above-stated findings, the ends of justice served by continuing the

21  case as requested outweigh the interest of the public and the defendant in a trial within the

22  original date prescribed by the Speedy Trial Act.

23  f)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24  et seq., within which trial must commence, the time period of the date of this stipulation and

25  order, to January 28, 2021, inclusive, is deemed excludable pursuant to this Court's General

26  Orders, due to the public health concerns created by the COVID-19 pandemic, as well to

27  18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted

28  by the Court at defendant's request on the basis of the Court's finding that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 29, 2020       McGREGOR W. SCOTT
                 United States Attorney

                 /s/ JAMES R. CONOLLY
                 JAMES R. CONOLLY
                 Assistant United States Attorney

Dated:  November 29, 2020       /s/ EMILY CHRIM
                 EMILY CHRIM
                 Counsel for Defendant
                 IVAN ALBERTO MARTINEZ-LOPEZ

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  December 1, 2020

                 MORRISON C. ENGLAND, JR.
                 SENIOR UNITED STATES DISTRICT JUDGE